**Hilda Ruth BORDERS, a Minor, by her Father and Next Friend, Louie Borders, et al.**

v.

**Dr. Edwin L. RIPPY, as President of the Board of Trustees of the Dallas Independent School District, Dallas County, Texas, et al.**

**Civ. No. 6165.**

United States District Court •
N. D. Texas,
Dallas Division.

June 14, 1960.

See, also, 184 F.Supp. 402.

W. J. Durham, C. B. Bunkley, Jr., Dallas, Tex., Thurgood Marshall, New York City, for plaintiffs.

Henry Strasburger, Mark Martin, Dallas, Tex., for defendants.

Kenneth F. Holbert, Louis A. Bedford, Jr., Dallas, Tex., U. Simpson Tate, Wewoka, Okl., J. L. Turner, Jr., Dallas, Tex., for plaintiffs signing later pleadings.

DAVIDSON, District Judge.

On the 14th of June, 1960, came before us for consideration the final amended plan submitted by the School Board which is approved by the Court in all matters except making the plan contingent upon the result of an election in order to protect certain funds from the State of Texas which may be lost without an election.

The question before us is that of integration and a plan of putting it into effect. The receipt or loss of certain funds by reason thereof would only be incident to the main question. The pleading does not put at issue the statute of Texas nor does the evidence nor the argument. We think that such a ruling would be but dicta and the opinion of the Court should be based upon the question at issue; namely, the manner of integration.

■ It would certainly seem reasonable that if our Supreme Court considered itself bound in order to order integration as it has done and thereby set aside a provision of the Texas constitution that it would if found necessary hold invalid a statute of Texas interfering with any funds or any action that would prevent the orderly integration. That portion of the amended plan making it contingent upon an election should be set aside and deleted.

The election has been ordered and if integration carries there is no reason why the Court may not put wholesale integration into effect. If the result of the election discloses large opposition to integration, then it would reasonably suggest that the will of the people affected be given consideration and a plan be worked out that will not be obnoxious to those who undertake to operate it and live under it.

If the people vote against integration and so express their will, then the ancient right of the Anglo-Saxon by being governed by the consent of the governed is invoked. And it should be applied here when and if brought within the bounds of the Supreme Court's decision in the Brown case, Brown v. Board of Education of Topeka, Kansas, 349 U.S. 294, 75 S.Ct. 753, 99 L.Ed. 1083.[1]

■ It might be well to remember at this point in considering the relative duties of the Court and the School Board that the Courts by the Brown decision or by other decrees have never yet ordered universal integration by force. They have simply held that the board should not turn down a child because of race or color. And the very gist of the decision is based on the psychological conclusion that the colored child is given an inferiority complex by being denied the right to sit in a class by the side of white children. This very decision, however, still recognizes the equal rights of all parties, because if the colored child may be embarrassed and given an inferiority complex by not being allowed to sit in white classes in the school room, then the white child by the same psychological processes of reasoning may be found subject to inferiority complex by reason of being required to sit in classes with the colored child. The rights of one are equal to the rights of others.

Laws are not *unilateral* in their operation. They cannot be made to apply to one and not be made to apply to the other. For this reason the law of placement has been upheld by the appellate courts and the court of last resort which takes care of these children that may be subject to unfortunate conditions and allows the school board the powers of regulating such matters.

---

1. Soon after this hearing the election was held and resulted in a vote of better than 4 to 1 against forcible integration.